IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RANDALL WILLIAMS, Personal Representative of the ESTATES OF SHANICE R. DANTZLER-WILLIAMS and MIRANDA R. DANTZLER-WILLIAMS, <br><br> and <br><br> BETTY SIMMONS, Personal Representative of the ESTATE OF STEPHANIE DANTLZER, <br><br> Plaintiffs, <br><br> v. <br><br> EMILY PELLETIER; CLINTON SACKS; CHARLESTON COUNTY SHERIFF'S; OFFICE; AND CHARLESTON COUNTY, <br><br> Defendants. | Civil Action No. 2:23-cv-02149-DCN <br><br><br> **PLAINTIFFS' MOTION FOR FRCP RULE 54(b) CERTIFICATION OF THE 12/23/23 ORDER OF THE COURT AND TO STAY FURTHER PROCEEDINGS** |

Now Comes Plaintiffs, by and through counsel, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, moves for an Order certifying the Court's December 13, 2023 Order ("Order") ECF No. 47 finding that there is no just reason for delay and to stay further proceedings.[1]

That Order granted the Motion to Dismiss of Defendant Charleston County Sheriff's Office ("CCSO") based upon Eleventh Amendment immunity as to Plaintiffs' municipal liability causes of action under 42 U.S.C. §1983 ("Municipal Liability Causes of Action") asserted in Plaintiffs' First Amended Complaint against CCSO.

Plaintiffs consulted with defendants regarding this Motion and defendant CCSO opposes Rule 54(b) certification; defendant Pelletier does not oppose; and defendants Sacks and Charleston County do not consent.

---

[1] Pursuant to Local Civil Rule 7.04 (D.S.C.), a supporting memorandum is not being filed herewith, as a full explanation of the motion is set forth within the motion.

1

**PROCEDURAL HISTORY**

Plaintiffs filed a Complaint in State Court, alleging state law claims and civil rights violations against the various defendants from a vehicle collision that occurred on May 8, 2022 that resulted in the deaths of the Plaintiffs' decedents. ECF No. 1.

On September 15, 2023, Defendant CCSO thereafter moved to dismiss Plaintiffs' 42 U.S.C. § 1983 *Monell* ("Municipal Liability") Causes of Action for failure to state a claim upon which relief can be granted on the basis of Eleventh Amendment immunity. ECF No. 24.

Thereafter, Plaintiffs filed their First Amended Complaint on October 4, 2023, pleading facts in greater detail directly related to the Eleventh Amendment immunity defense and realleged claims of Municipal Liability under 42 U.S.C. §1983 as to Defendant CCSO for official policy, unofficial policy/custom, and inadequate training & supervision.[2] ECF 29. Plaintiff thereafter filed a response opposing the Motion to Dismiss. ECF No. 34.

On December 13, 2023, the Court issued the Order granting Defendant CCSO's Motion to Dismiss on Eleventh Amendment immunity grounds and dismissed Plaintiffs' Municipal Liability Causes of Action. ECF No. 47.

**INTRODUCTION & SUMMARY OF THE ARGUMENT**

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

In order to certify an order under Rule 54(b), that ruling must satisfy two conditions:

---

[2] Causes of Action 5, 6, and 7 in Plaintiffs First Amended Complaint. ECF 29. pp. 37-55.

First, "the district court must determine whether the judgment is final." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1336 (4th Cir. 1993). A judgment is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980)).

"Second, the district court must determine whether there is no just reason for the delay in the entry of judgment." *Braswell*, 2 F.3d at 1335.

The Court's decision and Order of December 13, 2023, disposing of Plaintiffs' Municipal Liability Causes of Action as to CCSO satisfies both conditions and certification per 54(b) should be granted.

**I.    The Court's Grant of the Motion to Dismiss Represents a Final Judgment for Purposes of Rule 54(b).**

In multi-party litigation, a district court may certify a ruling under Rule 54(b) when the ruling is final with respect to one or more, but not all, of the parties. A ruling "must be 'final' in the sense that it is an 'ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980).

The December 13, 2023 Order granting Defendant CCSO's motion to dismiss all of Plaintiffs' Municipal Liability Causes of Action is an "ultimate disposition" and final judgment of these claims per 54(b).

**II.   There is "No Just Reason For the Delay" of the Entry of Judgment**

"In determining whether there is no just reason for delay in the entry of judgment, factors the district court should consider, if applicable, include:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might

> be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like."

*MCI Constructors*, 610 F.3d at 855 (quoting *Braswell*, 2 F.3d at 1335-36).

In considering the *Braswell* factors and interests, there is no just reason for delay and the Court should certify the Order on the Motion to Dismiss as a final order.

### A. The relationship between the adjudicated and unadjudicated claims favor certifying the judgment;

The issue of Eleventh Amendment immunity and the Municipal Liability Causes of Action dismissed in the December 13 Order are purely questions of law and are in no way connected to the merits of the remaining unadjudicated claims. Accordingly, any ruling that the Fourth Circuit may make on this issue of Eleventh Amendment immunity will have no impact on any of the remaining claims. This factor weighs in favor granting the certificate of appeal.

In *Pratt-Miller v. Arthur*, 701 Fed.Appx. 191, 192 (4th Cir. 2017) the Plaintiff brought state law claims and 42 U.S.C. 1983 claims against a State of Virginia Sheriff's Office and a Deputy. The District Court granted summary judgment on the *Monell* claims against the Sheriff's Office on Eleventh Amendment immunity grounds, (and others), just as this Court has done with Plaintiffs' claims. Nonetheless, the District Court in *Pratt-Miller* granted 54(b) certification on those summary judgment motions and that certification was upheld by the Appeals Court, despite the fact that other claims remained pending against the Deputy. *Id.*

The current procedural scenario in the case at bar is also very similar to one where one Defendant is dismissed for lack of personal jurisdiction, and certification is granted, as that dismissal of that Defendant and ultimate Appellate review does not affect the merits of the remaining unadjudicated claims.

4

In *Gault v. Thacher,* No. 9:18-cv-03157-DCN, 2019 U.S. Dist. LEXIS 137896 (D.S.C. Aug. 15, 2019), the Court dismissed a party for lack of personal jurisdiction, and subsequently granted a 54(b) motion certifying the order as a final judgment noting the absence of relation of any ruling the Fourth Circuit would have on that judgment and the unadjudicated claims:

> "Thus, any ruling that the Fourth Circuit may make on the personal jurisdiction question will have no impact on the remaining claims, other than that those claims will be brought against two defendants instead of one. *Lewis v. Travertine, Inc., 2017 WL 2989176*, at *2 (C.D. Cal. July 12, 2017), *appeal dismissed*, 2017 WL 6061605 (9th Cir. Oct. 30, 2017) ("Thus, where some, but not all, defendants are dismissed for lack of personal jurisdiction and the jurisdictional questions are independent of the merits of the underlying claims, courts routinely find no just reason for delay of entering final judgment in favor of those dismissed defendants.")." *Gault* at pp.7-8.

This is almost entirely similar to the circumstances involved here, where the Municipal Liability Claims against Defendant CCSO have been dismissed on the issue of Eleventh Amendment immunity ( a pure question of law - same as personal jurisdiction). Any ruling by the Fourth Circuit will only determine whether those Municipal Liability Claims will be brought against two defendants (CCSO and Charleston County) instead of one – independent of the merits of the claims themselves.

In *Fox v. Balt. City Police Dep't*, 201 F.3d 526, 531 (4th Cir. 2000), the Appeals Court upheld a grant of 54(b)certification as to a pure question of law stating: "We foresee nothing that could emerge from further proceedings that would either alter our analysis of this question or render it moot." Such is equally true of this Court's Order and ruling on the pure question of law as to the application of Eleventh Amendment immunity to Plaintiffs' Municipal Liability Claims against CCSO. Nothing can or will occur in subsequent District Court litigation that would alter Eleventh Amendment immunity of defendant CCSO.

Furthermore, this Circuit and even the Supreme Court, has stated that the <u>denial</u> of a motion to dismiss based on Eleventh Amendment immunity is immediately appealable, even where claims

against other defendants remain pending in the district court. *See, Mitchell v. Forsyth,* 472 U.S. 511, 530, 86 L. Ed. 2d 411, 105 S. Ct 2806 (1985). The logic and juridical concerns of allowing the State to have their claim of immunity immediately heard by an Appeals Court, applies equally to allowing Plaintiffs the ability of the Fourth Circuit to challenge that immunity – especially as it will not impact the unadjudicated claims.

**B. The possibility that the need for review might or might not be mooted by future developments in the district court;**

Appellate review of CCSO's Eleventh Amendment immunity claim as an "arm of the state" cannot be mooted by any further developments in the District Court and is in no way related to the merits of the unadjudicated claims. No future factual questions and/or findings are germane to the question of CCSO's Eleventh Amendment immunity in the unadjudicated claims. *See e.g*. *Fox v. Baltimore City Police Dep't.,* 201 F. 3d 526, 531-32 (4th Cir. 2000).

**C. The possibility that the reviewing court might be obliged to consider the same issue a second time;**

There is absolutely no chance that the reviewing court would consider CCSO's Eleventh Amendment immunity twice. No other party can assert such immunity, it only applies to Municipal Liability Claims and as such, the Court's Order on the issue has concluded the entirety of the litigation on that issue in the District Court.  Quoting from *Gault*, *supra*, as to the parallel issue of personal jurisdiction:

> On this interlocutory appeal, the appellate court will conduct a personal jurisdiction [Eleventh Amendment immunity] analysis; on any future appeals after the resolution of this case before the district court, the appellate court will not be reconsidering the jurisdiction [Eleventh Amendment immunity] question but will instead address the actual merits of Gault's claims.

*Id.* at p.8. *See also, Carter v. City of Philadelphia,* 181 F.3d 339, 346–47 (3d Cir. 1999) (holding that certification of final judgments under Rule 54(b) posed "no real risk of duplicative

appeals" when judgments were adjudicated based on defenses not available to remaining defendants).

**D. The presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final;**

The fourth *Braswell* factor does not apply as there is no judgment and/or amount subject to set-off in the Order.

**E. Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like."**

If the Plaintiffs are forced to wait until all the remaining claims in the case are litigated before an appeal is allowed of the Order, there is a strong possibility that Plaintiffs, if successful on appeal, would be forced to relitigate the entire case twice.[3] Further, if the appeal is unsuccessful, the remaining issues for trial become narrowed and the trial ultimately shortened.

The dismissed causes of action make up a majority and the crux of Plaintiffs' contentions against Defendant CCSO and the interconnectedness of the issues would make it difficult for Plaintiffs to go forward without settling this issue. Accordingly, Plaintiffs believe that failing to certify this order would result in unreasonable cost and not serve judicial economy.

Secondly, because of the interconnectedness of Defendants Charleston County and CCSO financially and operatively, and the defenses raised by Charleston County, including as to the actions of CCSO, there would be substantial confusion and impairment of presentation of these causes of action and full re-litigation of virtually the entire case as to Municipal Liability in the event of a successful appeal. Judicial economy favors certification.

---

[3] See e.g. *Lugar v. Edmondson Oil Co., Inc*., 639 F.2d 1058, 1065 n.14 (4th Cir. 1981), *aff'd in part, rev'd in part on other grounds*, 457 U.S. 922 (1982) (holding that a § 1983 plaintiff "may establish joint and several liability for indivisible injury against all defendants whose conduct can be shown to have concurred in causing the ultimate injury").

7

**CONCLUSION**

Therefore, Plaintiffs respectfully requests that the Court find there is "no just reason for delay" and certify for appeal under Federal Rule of Civil Procedure 54(b) its December 13, 2023 Order ECF No. 47 that granted Defendant CCSO's Motion to Dismiss on Eleventh Amendment immunity grounds as to Plaintiffs Municipal Liability Causes of Action and stay the proceedings.

Respectfully Submitted,

**ATTORNEYS FOR PLAINTIFF RANDALL WILLIAMS, PERSONAL REPRESENTATIVE**

*/s/ Richard A. Hricik*
_____
Richard A. Hricik (#16871)
THE LAW OFFICES OF
RICHARD A. HRICIK, PA
941 Houston Northcutt Blvd. Ste 204
Mt. Pleasant, SC 29464
(t) 843.849.0136
Richard@CharlestonLawyer.com

Marvin R. Pendarvis (#101832)
8420 Dorchester Rd. Ste. 202
North Charleston, SC 29420
O | (843) 990-9847
Marvin@PendarvisLawFirm.com

**ATTORNEY FOR PLAINTIFF BETTY SIMMONS, PERSONAL REPRESENTATIVE**

*/s/ Clifford Bush, III*
_____
Clifford Bush, III (#17026)
The Law Office of Clifford Bush, III, LLC
28 Old Jericho Road
Beaufort, South Carolina 29906
(843)379-9500(Office)
cbush@lawofficeofcbushiii.com

Charleston, South Carolina
December 22, 2023