**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1238**

_____

RANDALL WILLIAMS, Personal Representative of the Estates of Shanice R. Dantzler-Williams and Miranda R. Dantzler-Williams; BETTY SIMMONS, Personal Representative of the Estate of Stephanie Dantzler,

Plaintiffs - Appellants,

v.

CHARLESTON COUNTY SHERIFF'S OFFICE,

Defendant - Appellee,

and

CHARLESTON COUNTY; EMILY PELLETIER; CLINTON SACKS,

Defendants.

_____

Appeal from the United States District Court for the District of South Carolina at Charleston. David C. Norton, U.S. District Court Judge. (2:23-cv-02149-DCN)

_____

Submitted: November 14, 2024                    Decided: February 25, 2025

_____

Before HARRIS, HEYTENS, and BERNER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Richard A. Hricik, LAW OFFICES OF RICHARD A. HRICIK, PA, Mount Pleasant, South Carolina; Clifford Bush, III, THE LAW OFFICE OF CLIFFORD BUSH, III, LLC, Beaufort, South Carolina, for Appellants.  Elloree A. Ganes, Evan M. Sobocinski, Deborah Harrison Sheffield, HOOD LAW FIRM, LLC, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal arises from a heartbreaking accident. On Mother's Day in 2022, Stephanie Dantzler and her adult daughters, Shanice and Miranda Dantzler-Williams, were driving in Charleston County, South Carolina. Nearby, two Charleston County sheriffs, Deputies Emily Pelletier and Clinton Sacks, were responding to a non-emergency report of a stalled vehicle. Without activating her car's emergency lights or sirens, Pelletier sped through a stop sign, crossed multiple lanes of traffic, and struck the women's car. Dantzler and her daughters suffered catastrophic injuries, and died shortly after.

The plaintiffs in this action are Randall Williams, representing the estate of his daughters Shanice and Miranda, and Betty Simmons, representing the estate of her daughter Dantzler. In their complaint, the plaintiffs brought multiple claims against Deputies Pelletier and Sacks, in both their individual and official capacities; Charleston County; and the Charleston County Sheriff's Office. This appeal involves only some of the plaintiffs' claims against one of the defendants, the Charleston County Sheriff's Office.[1]

The County Sheriff's Office filed a motion to dismiss the plaintiffs' "*Monell*" claims against it, in which the plaintiffs sought to hold the Sheriff's Office liable under 42 U.S.C.

---

[1] The plaintiffs' many other claims will proceed before the district court, and we of course express no view as to their merits. We may review the district court's ruling as to this subset of the plaintiffs' claims because the district court certified its order as a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure. *See Williams v. Pelletier*, No. 2:23-CV-02149-DCN, 2024 WL 1075444, at *1 (D.S.C. Mar. 12, 2024).

3

§ 1983 as a municipality. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). The Sheriff's Office invoked the state's Eleventh Amendment immunity from suit, contending that is not a municipality but instead an "arm of the state" for purposes of the Eleventh Amendment.

The district court agreed and dismissed the § 1983 claims against the Sheriff's Office. *Williams v. Pelletier*, No. 2:23-CV-02149-DCN, 2023 WL 8627812, at *5 (D.S.C. Dec. 13, 2023). In *Cromer v. Brown*, 88 F.3d 1315 (4th Cir. 1996), as the district court explained, the Fourth Circuit had already considered the Eleventh Amendment status of South Carolina's county sheriff's offices, and determined that they are agents of the state protected from suit by Eleventh Amendment immunity. *See Williams*, 2023 WL 8627812, at *3. The court rejected the plaintiffs' argument that an analysis under the factors laid out in an earlier Fourth Circuit case pointed in a different direction, indicating that the Sheriff's Office should be treated as a municipality rather than a state entity. *See id.* at *5 (discussing *Ram Ditta ex rel. Ram Ditta v. Md. Nat'l Cap. Park & Plan. Comm'n*, 822 F.2d 456 (4th Cir. 1987)). Those factors, the court reasoned, were incorporated into the Fourth Circuit's subsequent decision in *Cromer*, and that decision remained "controlling precedent" that foreclosed the plaintiffs' position. *Id.*

We review the district court's judgment de novo, *see Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 542 (4th Cir. 2014), and we affirm for substantially the reasons given by the district court.

The Eleventh Amendment immunizes "unconsenting State[s]" from suit in federal court, and its protections extend to "agencies that may be properly characterized as 'arm[s]

4

of the State.'" *Harter v. Vernon*, 101 F.3d 334, 337 (4th Cir. 1996) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)).  To determine whether an entity like the County Sheriff's Office is an arm of the state entitled to Eleventh Amendment immunity, this court employs a well-established four-factor balancing test.  *See Ram Ditta*, 822 F.2d at 457–58.  And in *Cromer*, we held, after considering the "factors relevant to the immunity analysis," that a South Carolina county sheriff is an "arm of the state" protected from suit by the Eleventh Amendment.  88 F.3d at 1332.  That is enough to resolve this case.

On appeal, as before the district court, the plaintiffs argue that an independent analysis of the *Ram Ditta* factors would show that the County Sheriff's Office is *not* a state agency for these purposes, and that *Cromer* should not be followed because it pays insufficient attention to those factors.  It is true that *Cromer*'s analysis is brief and does not expressly address *Ram Ditta*, instead invoking generally the "relevant factors."  But *Cromer* is directly on point, and its binding effect does not turn on the length or even the persuasiveness of its reasoning.  *Cromer* has not been abrogated by statute or superseded by an en banc or Supreme Court decision, which means that we – like the district court – are bound to follow it.  *See United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999) (setting out general rule that a "simple panel" is bound by prior Fourth Circuit precedent "absent contrary law from an *en banc* or Supreme Court decision"); *Payne v. Taslimi*, 998 F.3d

5

648, 654 & n.2 (4th Cir. 2021) (describing duty to follow prior circuit precedent as "mechanical mandate").[2]

Accordingly, we affirm the judgment of the district court.

*AFFIRMED*

---

[2] In support of their argument under the *Ram Ditta* factors, the plaintiffs have asked us to take judicial notice of certain publicly available facts about the fiscal workings of Charleston County and the State of South Carolina Insurance Reserve Fund, through which the County Sheriff's Office is insured. Because we now hold that we are bound by *Cromer* and not at liberty to undertake a new and independent analysis, we deny that motion as moot.